UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH ALLEN LIVERGOOD,

Plaintiff,

v.

CAUSE NO. 3:19-CV-946-JD-MGG

MATTHEW SARBER, et al.,

Defendants.

OPINION AND ORDER

Plaintiff Kenneth Livergood is incarcerated and not represented by an attorney. In his Complaint, he requests that his State criminal case be transferred out of Marshall County and that the prosecutor, the judge, and the public defender have their law licenses suspended. He believes the prosecutor perjured himself in open court while the judge and the public defender allowed this to happen.

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, because Mr. Gibson is incarcerated, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted [ ] or seeks monetary relief from a defendant who is immune from such relief."

Mr. Livergood is asking for relief that this Court cannot grant. First, the doctrine of abstention prohibits federal courts from interfering in State court proceedings except

under special circumstances. *Younger v. Harris*, 401 U.S. 37, 43 (1971). This means that "federal courts must abstain from enjoining or otherwise interfering in ongoing state court proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise the federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). Because transferring Mr. Livergood's criminal case would interfere with an ongoing State court proceeding, he cannot obtain such relief in federal court. *See Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979); *Barrett v. Scott*, 2016 WL 3661103, at *2 (C.D. Ill. July 5, 2016).

Second, this Court does not have authority to suspend law licenses. Rather, the Indiana Supreme Court has exclusive power to act against a lawyer's license to practice law.

Although the courts typically give unrepresented litigants one opportunity to amend the complaint, that's not the case when, as here, "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted."[1] *Carpenter*

---

[1] Even if the Court were to read into Plaintiff's complaint a request for money damages, he could not prevail against either the prosecutor or the judge, both of whom have absolute immunity in relation to their official duties. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (quotation marks and citation omitted)); *see also Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."). Moreover, a criminal defense attorney, even an appointed public defender, is not acting under color of state law so as to be amenable to suit under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

2

*v. PNC Bank, Nat. Ass'n*, 633 F. App'x 346, 348 (7th Cir. 2016), citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

Since Mr. Livergood is requesting unavailable remedies, the Court DISMISSES his Complaint pursuant to 28 U.S.C. § 1915A.

SO ORDERED on December 3, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT